UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JESSICA GUTIERREZ,

    Plaintiff,

    v.

SODEXO, INC., et al.,

    Defendants.

Case No. 13-cv-00946-VC

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 35

Jessica Gutierrez sued her former employer, Sodexo, and her former supervisor, Steven Kennedy, under California law for discrimination and harassment based on her race, national origin, gender, and disability. Her claims are based primarily on alleged discrimination and harassment by Kennedy. Sodexo and Kennedy have filed a motion for summary judgment, which is granted.

With respect to the discrimination claims, there is no evidence from which a reasonable jury could conclude that Gutierrez suffered an adverse employment action. Although Gutierrez contends Sodexo should have given her the General Manager position for which Kennedy was ultimately hired, any claim based on a failure to promote her to that position is time-barred, because she failed to file an administrative complaint with the DFEH for more than a year after Sodexo denied her the promotion. *See* Cal. Govt. Code § 12960(d). Moreover, Gutierrez' claims that Sodexo discriminated against her on the basis of race, national origin, gender, and disability are based primarily on the conduct of Kennedy himself. He was not yet an employee of Sodexo when the company passed Gutierrez over for the General Manager position that Kennedy received,

which undercuts her argument that this decision was motivated by the same type of discriminatory animus that motivated Kennedy in his subsequent treatment of her.

Nor is there evidence of an adverse employment action after Kennedy came on board. It is undisputed that Gutierrez did not receive a pay cut, and her official job title never changed. Nor was she fired from her job; she took another one while she was on medical leave. Gutierrez claims she felt she was being terminated during her medical leave when Kennedy emailed her to inform her that her work email would not be operable during her leave and that she needed to return her company laptop, cell phone and keys. But this did not materially affect the conditions of her employment since she was on leave, and the record indicates that Sodexo planned to reactivate her work email when she returned. Gutierrez also argues she was constructively discharged because she felt unsafe at work and thus was forced to resign. But her primary claim of feeling physically threatened (when Kennedy raised his hands and yelled at her) occurred in March 2011, yet she did not resign until October 2011. Given the time lapse of almost seven months, this cannot support a claim of constructive discharge. Gutierrez further argues that the "disciplinary counseling" memo Kennedy sent her was an adverse employment action. But the memo was simply a warning that Gutierrez should follow a company requirement to complete daily task summary sheets to avoid future discipline or possible termination. *See Yanowitz v. L'Oreal USA, Inc.*, 36 Cal.4th 1028, 1054 (2005) ("Minor or relatively trivial adverse actions or conduct by employers… that, from an objective perspective, are reasonably likely to do no more than anger or upset an employee cannot properly be viewed as materially affecting the terms, conditions, or privileges of employment and are not actionable.")

The only claim that could potentially survive the above analysis is the one Gutierrez gives the most attention in her briefs – her claim that she suffered workplace harassment based on a protected category that was severe enough to create a hostile work environment. But viewing the evidence in a light most favorable to Gutierrez (and even fully crediting her declaration in

2

opposition to the motion for summary judgment, which is in places inconsistent with the testimony she gave at her deposition), there is no genuine issue of material fact on this claim. Gutierrez describes a bevy of hostile behavior by Kennedy towards her, but her description undercuts rather than supports her claim that this behavior was based on her race, national origin, gender, or disability. According to Gutierrez, from April to August 2011, Kennedy yelled at and abused her every day. She provides many examples, such as Kennedy yelling at her that he was the boss, telling her to shut up and go back to her desk, giving her orders in an angry tone, telling her to stop coming to weekly meetings, being sarcastic with her, searching her desk, laughing at her, accusing her of causing financial problems, humiliating her in front of others, and raising his hands in a way that made her fear for her safety. Gutierrez states in her declaration, "I contend that this unwelcome harassing conducts (*sic*.) because of me (*sic*.) race, national origin and gender." Gutierrez Decl. ¶ 23. But out of roughly 150 days' worth of hostile behavior by Kennedy, Gutierrez identifies only three instances that were based on her membership in a protected category. In one, she states Kennedy told her she could not do certain jobs because she was a woman. In another, she states Kennedy told her that Mexican women carry a mental retardation gene – something that, according to Gutierrez, Kennedy claimed he knew because he was married to a Mexican woman and his daughter was mentally retarded. And in the third instance, she states Kennedy asked her if she was related to the Mexican janitors (although this assertion in her declaration differs from her deposition testimony, which is at best ambiguous about whether Kennedy's question was race-based). These three instances of race- or gender-based hostility, without more, cannot convert 150 days' worth of constant rude (but not race- or gender-based) behavior into harassment based on a protected category. *Compare Roby v. McKesson Corp.*, 47 Cal.4th 686, 695-97 (2009) (describing repeated criticism of employee by supervisor for things the supervisor knew were related to her disability, and holding that this conduct, along with management decisions by that same supervisor that adversely affected the employee, was

3

sufficient to support a harassment verdict).  Although facially neutral abusive conduct could support a finding of harassment based on a protected category in a given context, the context Gutierrez describes here could not lead a reasonable jury to believe that the roughly 150 days' worth of facially neutral abusive conduct by Kennedy was motivated by race or gender based merely on the three instances she identifies.  *See Alfano v. Costello*, 294 F.3d 365, 378 (2d Cir. 2002) ("[W]e see that the majority of incidents cited by [plaintiff] are sex-neutral on their face.  Facially neutral incidents may be included, of course, among the 'totality of the circumstances' that courts consider in any hostile work environment claim, so long as a reasonable fact-finder could conclude that they were, in fact, based on sex.  But this requires some circumstantial or other basis for inferring that incidents sex-neutral on their face were in fact discriminatory."); *see also Manessis v. New York City Dep't of Transp.*, 2003 WL 289969 (S.D.N.Y. Feb. 10, 2003) *aff'd sub nom. Manessis v. Chasin,* 86 F. App'x 464 (2d Cir. 2004).

For the reasons stated above, Sodexo and Kennedy are entitled to summary judgment on the first, second, third, fourth, fifth, sixth and seventh causes of action because no reasonable jury could find that Gutierrez suffered an adverse employment action or that the pervasive hostility Gutierrez claims to have suffered at Kennedy's hands was based on race, national origin, gender, or disability.  Kennedy and Sodexo are entitled to summary judgment on the eighth cause of action because Gutierrez did not offer a defense of this cause of action in her opposition papers, and in any event no reasonable jury could find that Kennedy's behavior was so extreme or outrageous that it was beyond the bounds of human decency such that it could give rise to a claim for intentional infliction of emotional distress.

Sodexo and Kennedy's motion for summary judgment is granted.

**IT IS SO ORDERED.**

Dated: July 23, 2014

_____
VINCE CHHABRIA
United States District Judge