UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA GUTIERREZ, <br> Plaintiff, <br> v. <br> SODEXO, INC., et al., <br> Defendants. | Case No. 13-cv-00946-VC <br><br> **ORDER DENYING MOTION TO ALTER JUDGMENT** <br> Re: Dkt. No. 53 |

Jessica Gutierrez brought an employment discrimination suit against her former employer, Sodexo, and her former supervisor, Steven Kennedy, asserting eight claims based on California law: (1) harassment based on a protected category; (2) discrimination based on a protected category; (3) retaliation for opposing harassment and discrimination; (4) failure to prevent harassment, discrimination, and retaliation; (5) violation of the California Family Rights Act; (6) wrongful constructive termination; (7) violation of California Business and Professional Code § 17200; and (8) intentional infliction of emotion distress. On July 23, 2014, the Court granted summary judgment for the defendants on all causes of action "because no reasonable jury could find that Gutierrez suffered an adverse employment action [a necessary element of most of Gutierrez's claims] or that the pervasive hostility Gutierrez claims to have suffered at Kennedy's hands was based on race, national origin, gender, or disability."[1] Order Granting Motion for Summary Judgment, Docket No. 46. Gutierrez has now filed a motion to alter the judgment based on new evidence which she argues establishes that she was actually terminated from Sodexo and

---

[1] The Court also ruled for the defendants on Gutierrez's intentional infliction of emotional distress claim because "no reasonable jury could find that Kennedy's behavior was so extreme or outrageous that it was beyond the bounds of human decency." Order Granting Motion for Summary Judgment, Docket No. 46.

therefore suffered an adverse employment action. Gutierrez also bases her motion to alter the judgment on an allegation she had already made in her operative complaint – that Steven Kennedy asked Gutierrez for her I-9 form – but which she failed to highlight in her reply brief. Neither the new evidence nor the repeated allegation is sufficient to compel the Court to alter the judgment.

To prevail on a motion to alter the judgment based on new evidence, Gutierrez must show that the evidence was discovered after the judgment, that it could not have been discovered earlier through due diligence, and that the outcome would likely have been different as a result of the new evidence. *See, e.g.*, *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003); *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 992-993 (9th Cir. 2001). Gutierrez's allegedly new evidence is related to two occurrences while Gutierrez was on medical leave in August through October of 2011, which, according to Gutierrez, establish that she was *actually* terminated from Sodexo, rather than constructively terminated, as she argued throughout the case. First, Gutierrez points to an exchange – which she claims she forgot about until now – between Steven Kennedy and her real estate agent, Bryan Gonzalez, in which Kennedy allegedly told Gonzalez that Gutierrez was no longer employed with Sodexo. There is no clear reason why the Court should even consider this evidence, as it is not newly discovered, but rather was inadvertently left out of her operative complaint. But in any event it does not constitute evidence that Gutierrez was actually terminated. While Kennedy allegedly told Gonzalez on an initial phone call that Gutierrez was no longer employed at Sodexo, on a follow-up call, Kennedy directed Gonzalez to Sodexo's Human Resources department, which was "able to verify her employment status." Docket No. 57, Gonzalez Decl. ¶ 6. Further, there is uncontroverted evidence that Gutierrez did not receive any termination paperwork, final pay, or any other termination-related information until she submitted her resignation letter in October 2011.

Second, Gutierrez argues that a communication between Steven Kennedy and counsel from another case establishes that Gutierrez was terminated while on medical leave. Gutierrez's counsel, Mary Shea Hagebols, claims that she contacted an appellate attorney, Monique Olivier, to review this Court's summary judgment order, and through that interaction discovered that one of Olivier's

2

colleagues, Jennifer Reisch,[2] had attempted to contact Gutierrez to have her serve as a witness in a separate case. When Reisch attempted to call Gutierrez at Sodexo in September 2014, Steven Kennedy answered the phone and allegedly informed Reisch that Gutierrez no longer worked there.  It is questionable whether the Court should consider this evidence, both because Gutierrez's counsel may have been able to discover it through due diligence, and because it appears to be inadmissible since it is based on double hearsay.[3] But again, in any event, this does not constitute evidence that Gutierrez was actually terminated. Reisch's email, which is heavily redacted, states, "A man named Steven Kennedy answered, and informed me that he was Jessica's supervisor, and that Jessica was no longer with the company." Docket No. 55, Olivier Decl., Ex. A. Reisch's email does not say that Kennedy told her that Gutierrez had been terminated.  And even if he had said this, there is still no evidence that she actually had been terminated at that time. As indicated above, Sodexo did not implement any of the typical termination procedures until receiving Gutierrez's resignation letter.

Finally, Gutierrez brings to the Court's attention her allegation that Kennedy asked Gutierrez to fill out an I-9 form, which, according to Gutierrez, is an indication that Kennedy harassed her and discriminated against her on the basis of her nationality. But the uncontroverted evidence shows that Kennedy was instructed by Sodexo's Human Resources that he needed to have a completed I-9 form on site for all employees, that he did not have one on site for Gutierrez, and that he requested that all employees on site, not simply Gutierrez, complete an I-9 form. And in any event, Kennedy's request for Gutierrez to fill out an I-9 form, even paired with the additional allegations that she was harassed on account of her membership in a protected category, "cannot convert 150 days' worth of constant rude (but not race- or gender-based) behavior into harassment based on a protected category." Order Granting Motion for Summary Judgment, Docket No. 46.

---

[2] Neither plaintiff's briefs nor Olivier's declaration mention Jennifer Reisch by name. However, the email attached to Olivier's declaration is from "Jennifer Reisch," so the Court will assume that Reisch is Olivier's co-counsel who had the conversation with Steven Kennedy.

[3] It is unclear to the Court why Olivier, rather than Reisch, submitted a declaration since Reisch is the person who allegedly had a conversation with Steven Kennedy.

Accordingly, because the new evidence does not establish that Gutierrez suffered an adverse employment action or that she was in a hostile work environment due to her membership in a protected category, Gutierrez's motion to alter the judgment is denied.

**IT IS SO ORDERED**.

Dated: October 1, 2014

_____
VINCE CHHABRIA
United States District Judge